**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-1574**

NESTOR VICENTE LOERA ARELLANO,

       Plaintiff - Appellant,

     v.

WILLIAM P. BARR, Attorney General; KEVIN MCALEENAN, Secretary of the
Department of Homeland Security; THOMAS D. HOMAN, Acting Director of
United States Immigration and Customs Enforcement; SEAN W. GALLAGHER,
Atlanta Field Office Director for the United States Immigration and Customs
Enforcement; JD THORPE, Atlanta Field Office Director for the United States
Immigration and Customs Enforcement; SDDO VERONDA, ATD Supervisor
United States Immigration and Customs Enforcement; DO GOULD, NDU Unit
Officer United States Immigration and Customs Enforcement; DO BISHOP, NDU
Unit Officer United States Immigration and Customs Enforcement,

       Defendants - Appellees.

Appeal from the United States District Court for the District of South Carolina, at
Charleston. Richard Mark Gergel, District Judge. (2:19-cv-01233-RMG)

Submitted: November 19, 2019          Decided: November 26, 2019

Before WILKINSON and QUATTLEBAUM, Circuit Judges, and TRAXLER, Senior
Circuit Judge.

Affirmed by unpublished per curiam opinion.

Mark J. Devine, LAW OFFICE OF MARK J. DEVINE, Charleston, South Carolina, for Appellant. Joseph H. Hunt, Assistant Attorney General, William C. Peachey, Director, Jeffrey S. Robins, Deputy Director, T. Benton York, Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Nestor Vicente Loera Arellano, a native and citizen of Mexico, appeals the district court's order denying his motions for a temporary restraining order, a stay of removal, and to compel the agency to stay his removal, and dismissing his habeas petition for lack of jurisdiction. We affirm.

"The district court's assertion of jurisdiction is a legal determination that this Court reviews de novo." *Mapoy v. Carroll*, 185 F.3d 224, 227 (4th Cir. 1999). "Notwithstanding any other provision of law . . . , including section 2241 of Title 28, . . . a petition for review filed with an appropriate court of appeals . . . shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision" of the Immigration and Nationality Act. 8 U.S.C. § 1252(a)(5) (2018). This provision "expressly eliminate[s] district courts' habeas jurisdiction over removal orders." *Fernandez v. Keisler,* 502 F.3d 337, 346 (4th Cir. 2007).

Additionally, 8 U.S.C. § 1252(g) (2018) states that:

> Except as provided in this section and notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.

The district court correctly found that it was without authority to rule on Arellano's motions or adjudicate the habeas petition.

Accordingly, we affirm for the reasons cited by the district court. *Loera Arellano v. Barr*, No. 2:19-cv-01233-RMG (D.S.C. May 13, 2019). We lack authority to grant

3

Arellano's request to extend the 30-day period to file a petition for review from the Board of Immigration Appeals' final order. 8 U.S.C. § 1252(b)(1) (2012) (stating that petition for review must be filed within 30 days of the order of removal); Fed. R. App. P. 26(b)(2) (court may not extend time period for filing a petition for review). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*